SLR:CSK
F.#2010R00829

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

NAIRA JALOVIAN,
    also known as "Sandra,"

           Defendant.

- - - - - - - - - - - - - - - - -X

PRELIMINARY ORDER OF
FORFEITURE

10 CR 584 (KAM)

        WHEREAS, in the above-captioned case, the defendant
NAIRA JALOVIAN, consented to the forfeiture of the following
properties as property which constitutes or is derived from
proceeds traceable to violations of 18 U.S.C. §§ 201(b)(1)(A) and
1952(a)(3)(A), and/or as substitute assets: (a) $5,190 in United
States currency and (b) $1,217 in gift cards, now in the custody
of the Immigration and Customs Enforcement (collectively, the
"Forfeited Assets") pursuant to 18 U.S.C. 18 U.S.C. §
981(a)(1)(C), 28 U.S.C. § 2461 (c), and 21 U.S.C. § 853(p);  and

        WHEREAS, on or about September 26, 2011, the defendant
entered a plea of guilty to count one and two of the indictment
charging violations of 18 U.S.C. §§ 201 and 1952(a)(3)(A).

        IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent,
by and between the United States and the defendant as follows:

        1.    The defendant shall forfeit any and all right,
title and interest to the United States the Forfeited Assets

2

pursuant to 18 § U.S.C. 981(a)(1)(C), 21 U.S.C. § 853(p) and 28 U.S.C. § 2461.

    2.    The defendant shall fully assist the Government in effectuating the forfeiture of the Forfeited Assets. The defendant shall not file or interpose any claim or assist others in filing or interposing any claim to any of the Forfeited Assets in any administrative or judicial proceeding.

    3.    The defendant knowingly and voluntarily waives her right to any required notice concerning the forfeiture of the assets and monies forfeited hereunder. The defendant further knowingly and voluntarily waives her right, if any, to a jury trial on the forfeiture of the assets and monies forfeited hereunder, and waives any and all defenses to the forfeiture described in this Order, including, but not limited to, defenses based on double jeopardy, ex post facto application of any applicable statute, any applicable statute of limitations, or the Excessive Fines Clause of the Eighth Amendment.

    4.    The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Order.

    5.    Pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. This Order shall become the Final Order of Forfeiture, as provided by

3

Fed. R. Crim. P. 32.2(c)(2).

6. Upon entry of this Order, the United States
Attorney General, the United States Department of Homeland
Security, or his designee is authorized to seize the Forfeited
Assets, to conduct any proper discovery, in accordance with Fed.
R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable
proceeding to comply with statutes governing third party rights,
including giving notice of the Order.

7. The United States shall publish notice of this
Order and notice of its intent to dispose of the Forfeited Assets
in such a manner as the Attorney General or his designee may
direct, on the government website www.forfeiture.gov, in
accordance with the custom and practice in this district. The
United States may, to the extent practicable, provide direct
written notice to any person known or alleged to have an interest
in the Forfeited Assets as a substitute for published notice as
to those persons so notified.

8. Any person, other than the Defendant, asserting a
legal interest in the Forfeited Assets may, within thirty (30)
days of the final publication of notice or receipt of notice,
whichever is earlier, petition the court for a hearing without a
jury to adjudicate the validity of his or her alleged interest in
the property, and for an amendment of the order of forfeiture,
pursuant to 21 U.S.C. § 853(n). Any petition filed in response

4

to notice of the forfeiture of the Forfeited Assets must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

12.   The United States alone shall hold title to the Forfeited Assets.

13.   This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

14.   The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order.

15.   The Clerk of the Court is directed to send, by inter-office mail, three certified copies of this executed Consent Order to Assistant United States Attorney Claire S. Kedeshian, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201.

Dated: Brooklyn, New York
       September 26, 2011          SO ORDERED:


                                   _____
                                   HON. KIYO A. MATSUMOTO
                                   UNITED STATES DISTRICT JUDGE